UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **STACI FLOYD ET AL.** | **\*** | **CIVIL ACTION NO. 09-01489** |
| **VERSUS** | **\*** | **JUDGE S. MAURICE HICKS** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **\*** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand filed by plaintiffs, Staci and Scott Floyd. Doc. # 7. Removing defendants oppose the motion. For reasons stated below, it is recommended that the motion to remand be denied; and that judgment be entered in favor of defendant, Jose Hurst ("Hurst"), dismissing with prejudice plaintiffs' claims against said defendant.

### BACKGROUND

This lawsuit arises from a slip and fall accident occurring on September 3, 2008, at the Wal-Mart store located at 6091 Highway 165 in Bastrop, Louisiana. Plaintiffs originally filed suit in state court on August 4, 2009, alleging that plaintiff Staci Floyd sustained injuries when she slipped on a puddle at the entrance of the Bastrop Wal-Mart.

On August 25, 2009, defendants removed this matter to federal court on the sole basis of diversity jurisdiction. Doc. # 1 at ¶ 30. Plaintiffs are Louisiana citizens. *Id.* at ¶ 4. Although defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc., are diverse from plaintiffs,[1] defendant Hurst, who was the store manager of the Bastrop Wal-Mart at the time of Staci Floyd's

---

[1] *See* Doc. # 1 at ¶¶ 4-6.

injury, is a Louisiana citizen. However, defendants argue that Hurst was improperly joined because plaintiffs cannot establish a cause of action against him. *Id.* at ¶ 7-8. Plaintiffs disagree with defendants' assessment of their claims against Hurst, and on September 23, 2009, filed the instant motion to remand due to incomplete diversity.[2] Doc. # 7.

On September 25, 2009, the undersigned submitted a minute entry notifying the parties that if the court found that plaintiffs had no reasonable possibility of recovery against the non-diverse defendant, then summary judgment would be recommended *sua sponte* in favor of said defendant. Doc. # 9. The parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issues. *Id.* After delays for discovery and briefing, the matter is now before the court.

## LAW & ANALYSIS

### I. Improper Joinder

#### A. Standard of Review

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). To circumvent the patent lack of diversity between plaintiff and Jose Hurst, defendants invoke the improper joinder doctrine. The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone*

---

[2] Plaintiffs do not contest that the amount in controversy exceeds the requisite jurisdictional minimum. *See* 28 U.S.C. § 1332. Furthermore, it is facially apparent that the amount in controversy does exceed the requisite jurisdictional minimum. *See* Doc. #1, Ex. 2 at ¶ 5; Doc. # 1 at ¶¶ 23-25. *See Gebbia v. Wal-Mart Stores, Inc.*, 223 F.3d 880, 883 (5th Cir. 2000)

*Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal,* 408 F.3d at 183 (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court must determine whether the removing defendants have demonstrated that plaintiffs have "no possibility of recovery" against the non-diverse defendant, *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against him. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 (5th Cir. 2004) (en banc). In order to determine whether a plaintiff has demonstrated a reasonable possibility of recovery, the district court may either conduct an analysis under Rule 12(b)(6) of the Federal Rules of Civil Procedure - inquiring whether the complaint states a claim against the non-diverse defendant upon which relief can be granted - or the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Menendez v. Wal-Mart Stores, Inc.*, 2010 U.S. App. LEXIS 2139, at *18 (5th Cir. 2010). However, when a court chooses to conduct a summary inquiry, as this court does here, the court must consider "all challenged factual allegations" in the light most favorable to the plaintiff. *Travis*, 326 F.3d at 649. Furthermore, "any ambiguities in state law" must be resolved in favor of the plaintiff." *Id.* Finally, "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood*, 385 F.3d at 573.

### B. Corporate Officer or Employee Liability

For removing defendants to establish that Hurst was improperly joined, they must

demonstrate that he is not individually liable to plaintiffs. Louisiana law provides that only in limited circumstances may a corporate officer or employee be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) (citing *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973)). In *Canter*, the Louisiana Supreme Court stated that an employee is liable for the injuries of third persons when: (1) "the employer owed a duty of care to the third person, breach of which caused the damage for which recovery is sought"; (2) that duty was delegated by the employer to the employee; and (3) the employee "breached his duty through personal (not technical or vicarious) fault" by failing to discharge the duty with the degree of care required by ordinary prudence under similar circumstances, including when the employee fails to act upon the actual knowledge of a risk to others as well as when the employee fails to discover and address a risk of harm that he would have been able to discover through ordinary care. *Canter*, 283 So.2d at 721. The Louisiana Supreme Court provided further clarification on the meaning of "personal fault." It stated:

> [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or malperformance and has nevertheless failed to cure the risk of harm.

*Id.*

### C. Evidence and Analysis

Plaintiffs allege that Wal-Mart "specifically delegated the personal responsibility for all store operations including all store safety issues" at the Bastrop Wal-Mart to Hurst. Doc. # 1, Ex. 2 at ¶ 6. Plaintiffs further allege that Hurst "personally failed to discharge the tasks, obligations,

4

responsibilities and duties as were assigned to him personally by his employer . . . ." *Id.* at ¶ 7. Finally, plaintiffs allege that Hurst is liable on several theories, including, but not limited to, his failure to inspect the store and to identify, eliminate, or otherwise warn customers of hazards as well as his failure to train employees regarding the identification, elimination, and/or warning of slipping/tripping hazards. *Id.* at ¶ 11.

At a deposition on February 17, 2010, Hurst refuted the plaintiffs' allegations. For example, regarding the second *Canter* factor, Hurst testified that he had not been specifically delegated the duty of inspecting and cleaning the entranceway where Ms. Floyd's injury occurred. Indeed, this duty was shared by the "maintenance associates," the "cartpushers" and the "people greeters." Hurst Dep. at 71, 49, 107. In addition, supervision of the cartpushers and people greeters is the responsibility of the customer service manager ("CSM"), and supervision of the CSM, cartpushers, people greeters, and maintenance associates is the responsibility of the assistant manager. *Id.* at 131, 117. Hurst, as the store manager, only deals with cartpushers, people greeters, and maintenance associates if they appeal a disciplinary decision by an assistant manager. *Id.* at 22-23. Furthermore, regarding the third *Canter* factor, Hurst testified that he was not working at the Bastrop Wal-Mart on the day of Ms. Floyd's injury, and that he was not aware of the weather conditions at the Bastrop Wal-Mart on the day of Ms. Floyd's injury. *Id.* at 53.

In sum, the evidence before the court uniformly establishes that Jose Hurst was neither personally aware of, nor personally involved in the circumstances that led to the instant accident. Moreover, there is no evidence that Hurst knew or should have known that any responsible subordinates were either not performing or mal-performing their assigned duties. *See Canter*, 283 So.2d at 721; *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 312-13 (5th Cir. 2005) (no

5

evidence that the non-diverse defendants were aware of the alleged unreasonably dangerous condition).

Accordingly, defendants have demonstrated that plaintiffs have "no possibility of recovery" against Hurst, the non-diverse defendant, and that his presence must be disregarded for purposes of diversity. Under these circumstances, it is appropriate to enter summary judgment in favor of said defendant, dismissing with prejudice plaintiff's claims against him.

## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the motion to remand filed by plaintiffs Staci and Scott Floyd (doc. # 7) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the judgment be entered in favor of defendant Jose Hurst, and against plaintiffs Staci and Scott Floyd, dismissing with prejudice plaintiffs claims against said defendant only.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of April, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE