UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **STACI FLOYD ET AL.** | * | **CIVIL ACTION NO. 09-01489** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the district court, is an opposed motion for leave to amend filed by plaintiffs, Staci and Scott Floyd.[1] [Doc. # 28]. For reasons stated below, the motion is denied.

## BACKGROUND

This lawsuit arises from a slip and fall accident occurring on September 3, 2008, at the Wal-Mart store located at 6091 Highway 165 in Bastrop, Louisiana. Plaintiffs originally filed suit in state court on August 4, 2009, alleging that plaintiff Staci Floyd sustained injuries when she slipped on a puddle at the entrance of the Bastrop Wal-Mart.

On August 25, 2009, defendants removed this matter to federal court on the sole basis of diversity jurisdiction. Doc. # 1 at ¶ 30. On September 23, 2009, plaintiffs filed a motion to remand, alleging that complete diversity did not exist among the parties because Jose Hurst ("Hurst"), the store manager of the Bastrop Wal-Mart and one of the named defendants, shared

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

Louisiana citizenship with the plaintiffs. Doc. # 7 at 1-2. On March 15, 2010, after the deadline for jurisdictional discovery had lapsed, plaintiffs filed the instant motion to name two additional non-diverse employees of the Bastrop Wal-Mart as defendants - John Palmer and Debra Brown. Doc. # 28. On April 30, 2010, this court recommended the denial of plaintiffs' motion to remand and the dismissal of plaintiffs' claims against Hurst. Doc. #33.

## LAW AND ANALYSIS

When a case has been removed from state court, and "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). The Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) has stated that a district court should consider the following factors in making this determination: (a) the extent to which joinder of the non-diverse defendant(s) is sought to defeat federal jurisdiction; (b) whether the plaintiff has been dilatory in asking for the amendment; (c) whether the plaintiff will be significantly injured if the amendment is not allowed; and (d) any other factors that bear on the equities. "The fact that one factor might weigh in favor of denying the amendment is not dispositive of this Court's inquiry . . . ." *Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 U.S. Dist. LEXIS 9193, at * 4 (E.D. La. May 12, 2005).

Plaintiffs contend that the evidence demonstrates that they have valid claims against both John Palmer and Debra Brown, which, if true, would suggest that their primary motive in seeking to join Palmer and Brown is not to defeat federal court jurisdiction. *See id.* at * 4. Plaintiffs also emphasize that they have not been dilatory in asking for the instant amendment because they filed their motion just fifteen days after they first learned, through the deposition of Jose Hurst,

2

about Palmer and Brown's connection to Ms. Floyd's injuries.

Assuming that plaintiffs can state a valid claim against both Palmer and Brown and that plaintiffs timely sought the amendment, this court still cannot find that joinder is proper. Under Louisiana law, plaintiffs can hold Wal-Mart vicariously liable for the actions of Palmer and Brown so long as Palmer and Brown were acting within the scope of their employment. *See* LA. CIV. CODE ANN. art. 2320. As plaintiffs explicitly contend that Palmer and Brown were acting within the scope of their employment, plaintiffs have nothing to gain by joining Palmer and Brown. *See Ellsworth, Leblanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at * 3 (E.D. La. July 30, 2003). Furthermore, there is no indication or suggestion that Wal-Mart is insolvent or otherwise incapable of satisfying any judgment rendered on behalf of plaintiffs. Accordingly, upon consideration of the *Hensgens* factors, this court finds that the only conceivable motivation for the proposed amendment is to defeat this court's diversity jurisdiction and that plaintiffs will not be significantly injured by denial of the amendment.

## CONCLUSION

For the reasons set forth above, plaintiffs' motion for leave to amend (doc. # 28) is DENIED.

THUS DONE AND SIGNED in Monroe, Louisiana, this 7th day of May, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE