UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STACI FLOYD, ET AL.                          CIVIL ACTION NO. 09-01489

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

WAL-MART LOUISIANA, LLC, ET AL.              MAGISTRATE JUDGE HAYES

## MEMORANDUM RULING

Before the Court is Plaintiffs' Magistrate Appeal (Record Document 38) from Magistrate Judge Hayes' Memorandum Order of May 7, 2010.  The Memorandum Order denied a Motion for Leave to Amend (Record Document 34) filed by Plaintiffs, Staci and Scott Floyd.  Plaintiffs filed the motion seeking to name Debra Brown ("Brown") and John Palmer ("Palmer"), two additional non-diverse employees of Wal-Mart, as defendants.  Defendant Wal-Mart opposed the Magistrate Appeal.  See Record Document 40.  For the reasons which follow, the Magistrate Appeal is **DENIED** and Magistrate Judge Hayes' Memorandum Order of May 7, 2010 is **AFFIRMED**.

## BACKGROUND

This lawsuit arises from a slip and fall accident occurring on September 3, 2008, at the Wal-Mart store located on Highway 165 in Bastrop, Louisiana.  Plaintiffs originally filed suit in state court on August 4, 2009, alleging that Plaintiff Staci Floyd sustained injuries when she slipped on a puddle at the entrance of the store.

On August 25, 2009, Defendants removed this matter to federal court on the sole basis of diversity jurisdiction. See Record Document 1 at ¶ 30.  On September 23, 2009, Plaintiffs filed a Motion to Remand, alleging that complete diversity did not exist among the

parties because Jose Hurst, the store manager of the Bastrop Wal-Mart and one of the named defendants, shared Louisiana citizenship with Plaintiffs. See Record Document 7 at 1-2. Defendant Wal-Mart opposed the Motion to Remand on the grounds of improper joinder. See Record Document 17. Defendant Wal-Mart specifically argued that Jose Hurst was improperly joined because Plaintiffs cannot establish a cause of action against him. See id. After a de novo review of the record, including Magistrate Judge Hayes' Report and Recommendation, the undersigned denied the Motion to Remand and dismissed with prejudice all claims against Jose Hurst. See Record Documents 33 and 41.

On March 15, 2010, after the deadline for jurisdictional discovery had lapsed, Plaintiffs filed the instant Motion to Amend, seeking to name Brown and Palmer, two additional non-diverse employees of the Bastrop Wal-Mart, as defendants. See Record Document 28. Defendant Wal-Mart opposed the Motion to Amend. See Record Document 32.

**LAW AND ANALYSIS**

**I.      Magistrate Appeal Standard.**

The decision by a magistrate judge on a motion for leave to amend and add parties is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hayes' Memorandum Order is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v.

Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions de novo, and will review her factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

**II.     Joinder.**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The decision to allow an amendment adding non-diverse parties under Section 1447(e) is a discretionary one." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).

In Hensgens, the Fifth Circuit reasoned that when the district court is "confronted with an amendment to add a nondiverse nonindispensable party, [the court] should use its discretion," and "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182. The Fifth Circuit set forth the following four factors to consider when making this determination: (a) the extent to which joinder of the non-diverse defendant(s) is sought to defeat federal jurisdiction; (b) whether the plaintiff has been dilatory in asking for the amendment; (c) whether the plaintiff will be significantly injured if the amendment is not allowed; and (d) any other factors bearing on the equities. See id. The factors balance the original defendant's interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation. See id.

**A.     Application of Hensgens Factors.**

Plaintiffs contend that the Magistrate Judge erred by failing to conduct an analysis

of whether a valid claim had been stated and erred in emphasizing that Wal-Mart might be vicariously liable and able to respond to any judgment which might be rendered. See Record Document 38-1 at 4. Plaintiffs rely heavily upon a line of Eastern District of Louisiana cases for the principle that "as long as the plaintiff states a valid claim against the new defendants, the principal purpose is not to destroy diversity jurisdiction." See id. at 3-4, citing Karr v. Brice Bldg. Co., Inc., No. 08-1984, 2009 WL 1458043, *4 (E.D.La. May 22, 2009); Schindler v. Charles Schwab & Co., Inc., No. 05-0082, 2005 WL 1155862, *3 (E.D.La. May 12, 2005) (When considering the first Hensgens factors, "court have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction."); Jackson v. Wal-Mart Stores, Inc., No. 03-2184, 2003 WL 22533619, *2 (E.D.La. Nov. 6, 2003) Additionally, Plaintiffs argue that their request to amend and add additional defendants was not dilatory because they were unable to identify Brown and Palmer until after the Rule 30(b)(6) deposition of Jose Hurst. See id. at 5; Record Document 34 at 2.

Here, Plaintiffs failed to recognize that Magistrate Judge Hayes assumed two important factors in their favor, that is, the court assumed that Plaintiffs could state a valid claim against both Palmer and Brown and that Plaintiffs timely sought the amendment. See Record Document 34 at 3. However, the analysis does not end there because an analysis of only two Hensgens factors is not dispositive of the case. See Schindler, 2005 WL 1155862 at *4.

### 1. Whether Plaintiffs Will Be Significantly Injured If the Amendment Is Not Allowed.

To determine if Plaintiffs would be significantly injured, as contemplated by the third Hensgens factor, the Court must determine whether Palmer and Brown are indispensable parties to the litigation under Rule 19 of the Federal Rules of Civil Procedure. See Ellsworth, LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc., No. 03-0613, 2003 WL 21783304, *3 (E.D.La. July 30, 2003). The Ellsworth court considered not only the employee/employer relationship between the nondiverse defendant and the existing defendant, but also the Louisiana law of vicarious liability in making the Rule 19 indispensable party determination. Specifically, the Ellsworth court stated:

> [Plaintiff] has nothing to gain by joining [the nondiverse defendant], so long as [the nondiverse defendant] was acting within the scope of his employment. As [Plaintiff] does not claim that [the nondiverse defendant] acted beyond the scope of his employment, either in the amended complaint or in its memorandum opposing the motion to deny joinder, the Court finds that [the nondiverse defendant] is not indispensable to the litigation.

Id. at *3.

Following the legal principles set forth in Ellsworth, Magistrate Judge Hayes reasoned:

> Under Louisiana law, [P]laintiffs can hold Wal-Mart vicariously liable for the actions of Palmer and Brown so long as Palmer and Brown were acting within the scope of their employment. *See* LA. CIV. CODE ANN. art. 2320.[1] As [P]laintiffs explicitly contend that Palmer and Brown were acting within the scope of their employment, [P]laintiffs have nothing to gain by joining Palmer and Brown. *See Ellsworth, Leblanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at * 3 (E.D. La. July 30,

---

[1]La. Civil Code Article 2320 provides in pertinent part:

[E]mployers are answerable for the damage occasioned by their servants . . . in the exercise of the functions in which they are employed.

2003).

Record Document 34 at 3. A de novo review of this legal application reveals that Magistrate Judge Hayes' conclusion that Plaintiffs have nothing to gain by joining Palmer and Brown is not clearly erroneous or contrary to law. Plaintiffs have made no allegation that Palmer and Brown were not acting in the course and scope of their employment. Palmer and Brown are not indispensable to this litigation and Plaintiffs will not be significantly injured if the amendment is not allowed. Therefore, the third Hensgens factor weighs in favor of denying the amendment.

**2. Any Other Factors That Bear on the Equities.**

As part of her analysis of the fourth Hensgens factors, Magistrate Judge Hayes reasoned that "there is no indication or suggestion that Wal-Mart is insolvent or otherwise incapable of satisfying any judgment rendered on behalf of [P]laintiffs." Record Document 34 at 3. In their appeal, Plaintiffs argue that the consideration of whether Wal-Mart, Palmer, or Brown "can pay or not pay" is irrelevant, as the relevant consideration is "whether Plaintiffs have a valid claim against . . . Palmer and . . . Brown." Record Document 38-1 at 9.

Based on the showing made by Plaintiffs in both their motion for leave to amend and their appeal, there is nothing to indicate that Magistrate Judge Hayes' consideration of Wal–Mart's solvency as "any other factor that bears on the equities" was clearly erroneous or contrary to law. Accordingly, after a de novo consideration of the Hensgens factors and balancing the equities, this Court finds that Defendant Wal-Mart's interest in maintaining the federal forum outweighs Plaintiffs' interest in adding two nondiverse defendants.

**CONCLUSION**

Based on the foregoing analysis, the Court finds that Magistrate Judge Hayes' Memorandum Order of May 7, 2010 was not clearly erroneous or contrary to law. Accordingly, the Magistrate Appeal is **DENIED** and Magistrate Judge Hayes' Memorandum Order of May 7, 2010 is **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of July, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE